RICHARDSON vs. N. BANK WIL. AND B'DYWINE. 385

ARGUMENTS.

JOSEPH R. RICHARDSON, d. b. a., *vs.* NATIONAL BANK OF WILMINGTON AND BRANDYWINE, a corporation existing under the laws of the United States, p. b. r.

*Justice of the Peace—Appeal—Motion to Dismiss—Appeal Bond —Sureties—One Surety Sufficient—Statute; Construction of.*

The statute, *(Code* 754), which provides what security shall be required in taking an appeal from a Justice of the Peace, is fully complied with when either one or more sureties sign the appeal bond.

*(July* 3, 1907.)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards* for appellant.

*J. Harvey Whiteman* for respondent.

Superior Court, New Castle County, May Term, 1907.

APPEAL (No. 139, May Term, 1907).

Motion to dismiss appeal.

*J. Harvey Whiteman for respondent:*—I move to dismiss the appeal for the following reasons:

That the surety entered into before the Justice of the Peace is not sufficient, in that there is but one security, whereas the statute requires two or more securities.

The statute upon this subject is as follows:

"*Section 25, page 754 of the Revised Code of* 1893.

"Such appeal shall be allowed by the Justice at any time within fifteen days of the date of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal, or his agent, or attorney praying it and offering sufficient security in such sum as the Justice shall deem sufficient to cover the judgment appealed from and the costs on the appeal.  The

Justice shall make an entry thereof as follows:—

"On the           day of       18   , the said A. B. appeals and C. D. becomes surety in the sum of        dollars, that the said appeal shall be prosecuted with effect, and also that any judgment which shall be rendered against the said A. B., or his executors or administrators upon said appeal, shall be satisfied which entry shall be signed by the sureties, or it shall be void; when signed, it shall be an obligation of record and shall, to the extent of the sum therein expressed, bind the sureties and their executors and administrators", etc.

The entry upon the Justice's docket is as follows:

"On the 9th day of May A. D. 1907 the said Joseph R. Richardson appeals and William C. Seaton becomes surety in the sum of four hundred dollars, that the said appeal shall be prosecuted with effect and also that any judgment which shall be rendered against the said Joseph R. Richardson or his executors or administrators upon said appeal shall be satisfied.

WILLIAM C. SEATON."

The word "surety" as used in the first part of the entry on the Justice's docket means "security", and does not refer to the number of persons guaranteeing the prosecution of the appeal and the payment of the judgment. The statute requires that this entry shall be signed by the "sureties" (using the plural). The statute further directs that when this entry is signed, it shall bind the "sureties" (again using the plural) and "their" (again using the plural) executors, etc.

This right of appeal from the Justice being a statutory right, the method of taking such appeal must be most strictly pursued, and inasmuch as the act granting such appeal has directed that such appeal shall be allowed only after sufficient security has been offered, and further directs that sufficient security shall consist in the appellant providing "sureties" (this term being in the plural), then the security in this case consisting of William C. Seaton alone, the appeal is void and should be dismissed.

*Rheem vs. The Naugatuck Wheel Co.*, 33 *Pa. St.* 356.

In *Henry vs. Boyle*, 1 *Miles* 386, it was held, that under the English statutes in force in Pennsylvania, a writ of error was no supersedeas unless accompanied by a recognizance with two sufficient sureties. Although our act does not name any number, it has the term sureties, which necessarily implies more than one.

In the case of *Beebe vs. Young, et al.*, 13 *Mich.* 221, which was an appeal in chancery, the ground of appeal was, among other things, that the appeal bond was executed by one surety only. The statute of Michigan requires a bond with sufficient *sureties* in cases where appeals are taken. In that case, there being but one surety, the Court said:

"The objection to the bond, we think well taken. The statute requires a bond with sufficient sureties, and a single security does not answer its demand."

Again, in *Blake vs. Sherman*, 12 *Minn.* 305, being an appeal from an order of the District Court dissolving an attachment, the Court said:

"It is further urged against the validity of the attachment that the bond required by statute was not given. *Section* 131, *Page* 467 *General Statutes* provides that 'before issuing the writ the Judge or Court Commissioner shall require a bond on the part of the plaintiff, with sufficient sureties, conditioned that if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the penalty of the bond, which shall be at least two hundred and fifty dollars.' We think that this section of the statute is not to be regarded as directory. There must be a bond with a penalty and a condition and with two or more sureties."

*VanWesel, vs. VanWesel*, 3 *Paige* 38, was a case in which there was a motion to dismiss the appeal because of irregularity. The Chancellor said:

"The appellant has shown that the surety who signed the appeal bond in this case is actually in existence, although it is not alleged that he is responsible for a single dollar. But the appeal was not regularly entered, because, by law, there should have been two or more sureties in the appeal bond. The statute requires a deposit of money on an appeal, or a bond with sureties, in the plural. Although the number is not specified in this part of the statute, it requires two to constitute sureties."

Because of this irregularity the appeal was dismissed.

The doctrine as laid down in 3 *Paige* was approved in the *North American Coal Company vs. Dayett*, 4 *Paige* 273.

In *Harris vs. Regester & Sons*, 70 *Md.* 109, which was a suit upon an appeal bond signed by John Harris alone as surety, the Court below permitted judgment against Harris on the said surety bond, but upon appeal, the Court said:

"*The Code of* 1888, *Art.* 5, *Sec.* 51, provides that 'no execution upon any judgment or decree ✳ ✳ ✳ shall be stayed or delayed unless the person against whom such judgment or decree shall have rendered or passed ✳ ✳ ✳ or some other person in his or their behalf shall immediately upon praying an appeal ✳ ✳ ✳ enter into a bond with a sufficient security in at least double the sum recovered', etc. Precisely the same words 'sufficient security' are used in the *Act of* 1860, *Art.* 5, *Sec.* 51.

"And this Section was taken from the *Act of* 1862, *Chap.* 200, *Sec.* 1, which repealed and replaced the *Act of* 1811, *Chap.* 171 *and* 1713, all of which required sureties in such an appeal bond. The plural securities or sureties is thus used throughout this section and it can scarcely be assumed that it was not designedly done.

"The forms given in Harris' entries provide spaces for two securities. ✳ ✳ ✳ It would seem therefore, upon looking to the language of the statute that an appeal bond, effective to stay execution on a final judgment or decree, must be enter-

RICHARDSON vs. N. BANK WIL. AND B'DYWINE.   389

ARGUMENTS.

ed into by at least two sufficient securities. Whilst this question has never been passed upon by this Court, exactly similar statutory provisions have been construed by other appellate courts, whose decisions are entitled to great weight."

After reviewing numerous authorities, the Court further said:

"We see no reason for not giving to the language of our own statute the same construction. When the Legislature used the word 'securities' in the plural, we are certainly not warranted in saying that only one surety was intended. The General Assembly must be regarded as having meant what the word used by it distinctly imports, and it would be little if anything short of direct judicial legislation, to hold that one surety is tantamount to or gratifies the demand for 'sufficient sureties'. The legislature has declared in plain terms that in such a bond as this there must be securities. This is a matter wholly within its discretion and undoubtedly within the scope of its exclusive powers. The expediency or policy of such an enactment cannot be inquired into or impeached by any other tribunal known to our laws. Obviously, therefore, the courts are powerless to nullify the statute in this particular by substituting for its actual provision a different requirement. The consequences of this conclusion in this case may be very injurious to the appellees, but the law is so written and any attempt to rescue the bond by strained or forced construction of the Act of Assembly would, to the extent that it unsettled the law as enacted, lead to more serious evils."

The foregoing authorities being adjudications by courts of high standing upon statutes containing language precisely similar to the language used in the statute of the State of Delaware, entitles them to great credit, and it is therefore submitted as conclusive that, the surety in this case, being a single person, does not comply with the requirement of the statute, as above referred to, and that the appeal should consequently be dismissed.

*Robert H. Richards* for *appellant*:—The statute quoted by

the learned counsel is a reasonable statute, but the construction he seeks to have given to it is an unreasonable construction. The Court presided over by a Justice of thePeace is an inferior tribunal having jurisdiction in civil cases to the limited amount of $200.00; and in the matter of taking an appeal from the judgment of this inferior tribunal the Legislature would not be presumed to have intended to furnish more than a sufficient security to the plaintiff for his money, and therefore the Legislature would not be presumed to have intended to multiply the number of sureties; but the inference would naturally be that the number of sureties should be as small as possible in order to enable the plaintiff to take his appeal, the only requisite being that he shall furnish what the statute requires, viz, a sufficient security. One surety, in many instances, may be much more adequate than two, three of four sureties; there being no virtue in the number of sureties.

This is an old statute, and as your Honors know from experience, the practice has been almost uniformly to require but one surety on an appeal from a Justice of the Peace. This has been the generally accepted construction of the statute by the bar and the practice under it.

There is nothing in the statute itself which would constrain your Honors to adopt the construction contended for by the learned counsel. Aside from considerations of public policy, or whether there should be additional hardships placed upon parties desiring to take appeals from this inferior tribunal—in which the law is sometimes very curiously laid down and declared—and from which, litigants should have the broadest possible opportunity, consistent with safety, to take an appeal to a Court where legal questions may be fully and fairly adjudicated,—there is quite sufficient in the statute itself to justify your Honors in construing the statute to mean that but one surety is sufficient upon an appeal bond. This is peculiarly a question arising under our statute. Decisions from other jurisdictions are of no avail. unless they are based upon statutes which are identical in form and principle with our own.

The test is whether the statute contemplates the furnishing of "sureties", or whether it means that ample security, without regard to the number of sureties, shall be furnished on an appeal bond to a Justice of the Peace.

LORE, C. J.:—We think the statute is fully complied with when either one or more sureties sign an appeal bond given before a Justice of the Peace; and we therefore refuse to dismiss the appeal.

———•———

IN RE PETITION OF JOSEPH CROSSGROVE FOR THE PAYMENT TO THE PETITIONER OF A CERTAIN SUM OF MONEY PAID INTO COURT BY THE SHERIFF AND CLAIMED BY THE LEVY COURT OF NEW CASTLE COUNTY AS DOLLARAGE.

*Petition to take Money out of Court—Costs—Sheriff—Dollarage, On Sale of Real Estate—Statute; Repeal of by New Act of March 29, 1907.*

There is now no authority in law permitting the Sheriff to demand or receive, as an item of cost, collectible through his office, dollarage to the extent of two *per centum* of the amount derived from the sale of real estate by such Sheriff, or any other commission or dollarage upon the amount